UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DONALD FRANKS,

                          Plaintiff,

          -against-

CITY OF NEW YORK; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Donald Franks ("plaintiff" or "Mr. Franks") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 10:30 p.m. on October 31, 2012, plaintiff was lawfully walking in the vicinity of 3485 Neptune Avenue in the Coney Island neighborhood of Brooklyn, New York.

13. At or about that time, Mr. Franks was walking alone toward his apartment building for a change of clothing after having walked with his mother and stepfather to a Home Depot to charge their cellphones following Super Storm Sandy.

14. As he walked, defendants stopped Mr. Franks without probable cause or reasonable suspicion to believe he had committed any crime or offense.

15. Defendants searched plaintiff, tightly handcuffed him and arrested him.

16. No contraband was ever recovered from Mr. Franks.

17. Plaintiff was eventually taken to the 61st Police Precinct.

18. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff looting and prepared false paperwork to that effect, including an arrest report.

19. At no point did the officers ever observe plaintiff looting.

20. Sometime during the afternoon of November 1, 2012, Mr. Franks was taken to Brooklyn Central Booking.

21. On November 2, 2012, plaintiff was arraigned in Kings County Criminal Court where bail was set.

22. Unable to make bail, Mr. Franks was taken to Otis Bantum Correctional Center ("OBCC") on Riker's Island on or about November 2, 2012.

23. Donald Franks had never before been to Riker's Island.

24. Sometime during the morning of November 3, 2012, Mr. Franks suffered a seizure and was taken to the OBCC medical clinic.

25. Mr. Franks required continuing medical treatment during his incarceration at OBCC, including anti-seizure medication.

26. Mr. Franks also suffered from continued tingling and numbness to his hands due to the overly tight handcuffs officers had applied during his arrest.

27. Plaintiff was taken to criminal court approximately three times during his incarceration at Riker's Island.

28. Mr. Franks was strip-searched approximately seven times while incarcerated at Riker's Island.

29. A grand jury was convened, plaintiff testified and a no true bill was returned, dismissing all charges against Mr. Franks.

30. After approximately ten days in custody, Mr. Franks was released on or about November 9, 2012.

31. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

32. An examination of Mr. Franks, pursuant to New York General Municipal Law § 50-h, was held on or about February 1, 2013.

33. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

34. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

35. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, was unlawfully strip searched, suffered fear, pain, bodily injury, anxiety, embarrassment, humiliation, loss of wages and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

44. Plaintiff was conscious of his confinement.

45. Plaintiff did not consent to his confinement.

46. Plaintiff's confinement was not otherwise privileged.

47. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

48. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Malicious Prosecution

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

51. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

52. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
### State Law Malicious Prosecution

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

55. Defendants maliciously commenced criminal proceeding against plaintiff, charging him with, *inter alia*, looting. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

56. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

57. All charges were terminated in plaintiff's favor.

58. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

59. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Unreasonable Force

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

62. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### State Law Assault and Battery

63. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

65. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

66. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## EIGHTH CLAIM
### Denial Of Constitutional Right To Fair Trial

67. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

68. The individual defendants created false evidence against plaintiff.

69. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

70. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

71. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Hiring, Training and Retention

72. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a

reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

74. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

75. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

76. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

77. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Negligent Infliction of Emotional Distress

78. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

79. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended

detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

80. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

81. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

82. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Intentional Infliction of Emotional Distress

83. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

84. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so

extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

85. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

86. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

87. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CLAIM
### Failure To Intervene

88. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

89. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

90. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

91. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:    February 1, 2013
    New York, New York

HARVIS WRIGHT
SALEEM & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwsflegal.com

*Attorney for plaintiff*