

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | RACHEL SELIGMAN WEISS<br>*Senior Counsel*<br>Telephone: (212) 356-2422<br>Facsimile: (212) 788-9776<br>rseligma@law.nyc.gov |

September 20, 2013

**VIA ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge, EDNY
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Donald Franks v. City of New York, et al.</u>, CV 13-0623 (JBW)(VMS)

Your Honor:

    I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter. I write in opposition to plaintiff's request for "labeled, recent photographs of all officers at the scene of plaintiff's arrest" and for an extension of time to file an amended complaint this action. If Your Honor is inclined to grant plaintiff's request, in whole or in part, defendant City of New York seeks an order compelling plaintiff to respond to Defendant's Identification Interrogatories on an expedited basis and before any photographs are produced pursuant to F.R.C.P. 33(b)(2) and 34(b)(2)(A). Since defendant has already identified **five** officers involved in plaintiff's arrest, the discovery that plaintiff seeks is irrelevant and should be denied in its entirety.

    This action stems from an October 31, 2012 incident which resulted in the arrest of plaintiff for allegedly burglarizing a Key Foods Supermarket in the Coney Island section of Brooklyn following Hurricane Sandy. Plaintiff was arrested after the manager of the Key Foods Supermarket called 911 to report the burglary and after plaintiff was observed running from the location once the police arrived on the scene. Upon information and belief, plaintiff was one of approximately sixteen individuals arrested at this location for burglary. Following his arrest, plaintiff was transported to the 61st precinct for arrest processing. Plaintiff was charged with petit larceny, criminal trespass, and criminal possession of stolen property. Plaintiff filed the instant action on or about February 1, 2013 against the City of New York and John and Jane Doe Officers 1 through 10, alleging various 4th amendment claims pertaining to plaintiff's initial stop, apprehension, arrest, handcuffing, and prosecution. Plaintiff also brings a claim for alleged "tight handcuffs."

*Plaintiff's Request for Photos*

On July 26th, pursuant to the Scheduling Order entered into by the parties and so ordered by the Court, defendant City served its initial disclosures. As part of the disclosures, and well in advance of plaintiff's deadline to file an amended complaint, defendant identified five (5) individuals likely to have discoverable information. Plaintiff was also provided with NYPD paperwork pertaining to plaintiff's arrest as well as the Criminal Court and District Attorneys files relating to plaintiff's prosecution. Notably, plaintiff's arrest report identified PO Michael Walsh as his Arresting Officer who was one of the five individuals specifically identified by defendant City in its Rule 26(a) disclosures. The arrest report and defendant's Rule 26(a) disclosure also identified a supervisor, Sgt. Pichardo.

In support of his argument that defendant should be compelled to provide photographs of "all the officers on the scene," plaintiff relies primarily on *Castro v. City of New York*. *See* Plaintiff's September 13th letter, at pg. 2. This case, however, is very different than *Castro* mainly because in *Castro*, the plaintiff was unable to identify the NYPD officer/s who allegedly strip searched her. Here, identification is not an issue. Defendant has already provided plaintiff with the identities of five (5) NYPD officers who were present at the scene when plaintiff was arrested and has even provided documentation which confirms that P.O. Walsh was plaintiff's arresting officer on October 31, 2102. We have also identified three additional officers who were part of P.O. Walsh's team that day, as well as a supervising officer. Thus, *Castro* is inapposite and does not support plaintiff's request for photographs since the identities of some officers present at the scene have already been provided to plaintiff and any others will be provided through additional investigation.[1]

*Snoussi*, also relied on by plaintiff, is distinguishable. In *Snoussi*, unlike here, plaintiff's only claim was one of excessive force and there, plaintiff argued that the photographs were needed to identify the officer/s whom allegedly "slammed him to the floor, "crushed his face to the floor," etc. The Court ordered defendants to provide photographs of the named defendants to aid plaintiff in the identification where, upon information and belief, defendants sharply disputed plaintiff's version of events and where defendants were unable, on their own, to identify the alleged offending officers engaged in the use of force. Here, the officers involved in plaintiff's arrest have already been identified or can be through additional discovery mechanisms.

*Beckles*, also cited by plaintiff involved a claim of excessive of force and the plaintiff in *Beckles* also sought photographs to enable her to identify which particular officers allegedly used excessive force against here. At the point when the photographs were sought by plaintiff, significant discovery had taken place, yet plaintiff was still unable to identify the individuals who allegedly used force against here. In fact, Beckles had filed four amended complaints adding individual defendants. The posture of the *Beckles* matter is dissimilar to this case where discovery has just commenced, various discovery tools remain available to plaintiff,

---

[1] To the extent that there were additional officers present and involved in plaintiff's arrest, defendant will, in due course and through discovery, provide plaintiff with the identities of said officers.

2

and defendant has already provided plaintiff with the identities of five officers with knowledge of plaintiff's arrest.

Not only do the cases cited by plaintiff not support his position, but plaintiff's letter fails to provide any explanation whatsoever as to why the photographs are relevant in this particular case. Nor does plaintiff provide any explanation as to why the photographs of the five officers whom have been identified are relevant or discoverable. For all these reasons, plaintiff's request for photographs of all officers present at the scene of plaintiff's arrest is irrelevant and should be denied.

*Defendant Has Not Waived Any Privileges Associated with the Officers' Photographs*

Aside from the fact that the photographs are irrelevant and outside the scope of Rule 26, the officers' photographs are protected by the law enforcement and/or official information privilege and there has been no waiver of either privilege.

At the outset, a privilege log is premature at this stage, as defendant has asserted objections over the scope of plaintiff's request, such as relevance or that the requests are overbroad, that must first be ruled on before a privilege log will be required. See Grand River Enter. Six Nations, Ltd. v. Pryor, 02 Civ. 5068 (JFK) (DFE), 2008 U.S. Dist. LEXIS 86594, at *37-43 (S.D.N.Y. Oct. 22, 2008)(holding that defendants did not waive privileges for failing to serve privilege logs at time they provided their responses since defendants were not required to provide a privilege log until the court first ruled on their over breadth objections) adopted by 2009 U.S. Dist. LEXIS 2045, at *48-50 (S.D.N.Y. Jan. 9, 2009). See also United States v. Philip Morris, Inc., 347 F.3d 951, 954 (D.C. Cir. 2003) ("[I]f a broad discovery request includes an allegedly privileged document, and if there is an objection to the scope of the request, the court should first decide whether the objection covers the document. If the court finds that the document is within the scope of the objection, and the court overrules the objection, it must then give the party an opportunity to list the document on a privilege log pursuant to Rule 26(b)(5). In short, if a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections.").

In any event, even if a privilege log were required, defendant has satisfied the requirements of Local Civil Rule 26.2.[2] Here, the type of document has already been identified in plaintiff's September 13, 2013 letter; namely, labeled photographs of all NYPD officers at the scene of plaintiff's arrest on October 31, 2012. *See* Plaintiff's September 13, 2013 letter. There is no dispute as to what documents are being withheld, as they are the specific documents requested by plaintiff, that defendant objected to. Next, the general subject matter of this document is clearly articulated in the request. The date is also included by the request. Finally,

---

[2] Pursuant to Local Civil Rule 26.2(a)(2)(A), when asserting a claim for privileged documents, the following must be identified: "(i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other." Local Civil Rule 26.2(a)(2)(i)-(iv).

the author of the document is inapplicable here, as the request is for photographs of officers in the custody of the NYPD. Consequently, the documents requested have already been described with sufficient particularity to satisfy Local Civil Rule 26.2.

Moreover, the purpose of the privilege log is to provide enough information so that plaintiff can assess the applicability of the privilege. See Fed. R. Civ. P. 26(b)(5)(A)(ii)(the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed"). Defendant's response fulfilled the purpose and requirements of the privilege log, as plaintiff already knows what documents are withheld, the nature of those documents, and on what grounds they are withheld. Here, plaintiff readily assessed the applicability of defendant's asserted privileges under Local Civil Rule 26.2(a)(1), as he even acknowledges both asserted privileges and the specific documents that were withheld in his letter, as he argues that the law enforcement and official information privilege should not apply to these pictures.

*Motion to Compel Plaintiff's Reponses to Its Second Set of Interrogatories/Document Requests*

On September 13th, before defendant was served with plaintiff's motion to compel, defendant served plaintiff with its Identification Interrogatories which requested the following:

> Identify with specificity, the descriptions of each of the individually named police officers and/or correction officers who were involved in your alleged stop, detention, arrest, handcuffing, pat-frisk, strip search(es), transport to the 61st Police Precinct, transport to Central Booking, transport to Rikers Island, treatment at the OBCC medical clinic, as identified in your Complaint dated February 1, 2013, including but not limited to their heights, weights, race, national origin, descriptions of facial hair, descriptions of clothing, eye colors, hair colors, hair style, descriptions of their physical build, whether they wore glasses, descriptions of tattoos, descriptions of body piercing, descriptions of scars, descriptions of birth marks, and any other identifiable physical descriptions of the police officers and/or correction officers involved. Please also state the number of officers involved in each of the aforementioned events as alleged in your Complaint. Additionally, within the meaning of Local Rule 26.3, describe that individual's physical appearance.[3]

Plaintiff has refused to respond to defendant's request on an expedited basis, which is curious, in light of what he purports to be a need to identify the officers involved in his arrest. If

---

[3] A corresponding Document Request was also served.

the Court is inclined to require defendant to provide plaintiff with photographs of all officers present at the scene of plaintiff's arrest, even though defendant has already identified five officers, plaintiff should first be required to respond to the aforementioned interrogatory on an expedited basis pursuant to F.R.C.P. 33(b)(2) and 34(b)(2)(A). It is certainly reasonable for plaintiff to be required to aid defendant in the process.

Accordingly, plaintiff's request for labeled photographs of all officers on the scene of plaintiff's arrest should be denied. Alternatively, if Your Honor is inclined to grant plaintiff's request, plaintiff should first be compelled to respond to Defendant's First Set of Interrogatories and Requests for the Production of Documents.

Thank you for your consideration herein.

Respectfully submitted,

/s/

Rachel Seligman Weiss
Senior Counsel

cc: Via ECF
Gabriel P. Harvis, Esq.
Harvis, Wright, Saleem & Fett LLP
*Attorneys for Plaintiff*