UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- x
DONALD FRANKS,                                          :
                                                        :
                    Plaintiff,                          :
                                                        :          **MEMORANDUM & ORDER**
              -against-                                 :
                                                        :             13-cv-623 (JBW) (VMS)
CITY OF NEW YORK and JOHN and JANE                      :
DOE 1 THROUGH 10,                                       :
                                                        :
                    Defendants.                         :
                                                        :
--------------------------------------------------------- x

**Scanlon, Vera M., United States Magistrate Judge:**

Plaintiff moves pursuant to Federal Rules of Civil Procedure 26, 34 and 37 to compel the

production of recent, labeled[1] photographs of the officers present at the scene of his arrest and to

extend his time to file an Amended Complaint to two weeks after Defendant produces the

labeled photographs.  See Pl. Letter.  Defendant opposes Plaintiff's motion.  See Def. Opp.

Letter, Sept. 20, 2013, ECF No. 16; Def. Reply Letter, Oct. 9, 2013, ECF No. 17.  In the

alternative, Defendant requests that Plaintiff be first required to respond to Defendant's

interrogatory requesting the physical descriptions of the officers involved in Plaintiff's stop,

detention, arrest, handcuffing, pat-frisk, strip search(es), transport to the 61st Police Precinct,

transport to Central Booking, transport to Riker's Island and treatment at the OBCC medical

clinic.  See Def. Opp. Letter 4-5.  The Court considered the Parties' submissions and heard oral

argument on September 27, 2013.

---

[1] Plaintiff requests that Defendant City of New York (hereinafter, "Defendant") label the
photographs with each officer's name, rank, shield number and current command.  See Pl. Letter
Mot. ("Pl. Letter") 1, Sept. 13, 2013 (ECF No. 12).

Plaintiff has been able to identify some, but not all, of the officers involved in his arrest. See Pl. Letter 4 ("[T]he photographs as requested represent the best method for identifying the unknown defendants."). Several courts in this Circuit have ordered the production of officers' photographs in civil rights cases, recognizing that this is a reasonable and efficient means of identifying relevant officers. See Gonzalez v. City of New York, No. 12 Civ. 2776 (JG) (RML) (E.D.N.Y. May 21, 2013) (ECF Nos. 27, 32); Harrison v. City of New York, No. 11 Civ. 2762 (SLT) (RML) (E.D.N.Y. Apr. 13, 2012) (ECF No. 18); Beckles v. City of New York, No. 08 Civ. 3687 (RJH) (JCF), 2010 WL 1841714, at *5 (S.D.N.Y. May 10, 2010); Snoussi v. Bivona, No. 05 Civ. 3133 (RJD) (LB), 2009 WL 701007, at *4 (E.D.N.Y. Mar. 10, 2009); Castro v. City of New York, No. 94 Civ. 5114 (JFK) (MHD), 1995 WL 699730, at *1 (S.D.N.Y. Nov. 28, 1995).

Defendant argues that cases such as Castro, Snoussi and Beckles are distinguishable because Plaintiff, in this case, was able to identify some of the responding officers. See Def. Opp. Letter 2-3. However, neither Castro, Snoussi nor Beckles required the plaintiff to first prove that he or she was unable to identify any defendant without the requested photographs. Indeed, in Beckles, plaintiff named seven responding officers as defendants and sought photographs to assist her in identifying the specific officers who allegedly used excessive force during her arrest. Beckles, 2010 WL 1841714, at *1. In addition, Defendant argues that Plaintiff's request should be denied because Plaintiff may be able to identify the relevant officers through other forms of discovery to be provided later. See Def. Opp. Letter 2-3. Defendants cite no support for requiring Plaintiff to await this possibility. The discovery process will be more efficient and productive the sooner Plaintiff is able to make the necessary identifications.

Furthermore, Defendant offers no explanation for why the requested photographs are protected by the law enforcement and official information privileges, when the officers are publicly visible during the course of their duties.  Id. at 3; see generally Harrison, No. 11 Civ. 2762 (SLT) (RML), slip op. at 4 (noting that the officers "would be subject to public view" at trial).

In support of its request for an expedited response to its interrogatory, Defendant states only that Plaintiff should "be required to aid [D]efendant" in identifying the relevant officers before any photographs are produced.  Def. Opp. Letter 5.  In at least one instance, a court in this District required the plaintiff to provide a written description of the officers before receiving photographs.  See Joyner v. City of New York, No. 12 Civ. 177 (ENV) (MDG) (E.D.N.Y. Aug. 1, 2012) (ECF No. 16) ("Defendants must produce photographs of officers at the scene of the arrest one week after plaintiff provides descriptions in response to defendants' interrogatories 21 and 22.").  However, several courts have cautioned against "conditioning document production on plaintiffs' submission to criminal identification procedures" in a civil rights case.  Castro, 1995 WL 699730, at *1 (denying the defendant's request to use a photo array, even though the plaintiff "has been unable to offer a sufficiently specific description of the responsible officer to permit identification"); see Harrison, No. 11 Civ. 2762 (SLT) (RML), slip op. at 3-4 (declining to "impos[e] criminal identification procedures as a precondition"); Snoussi, 2009 WL 701007, at *4 (ordering production "without preconditions").  In this case, Defendant does not explain why it needs Plaintiff's assistance, let alone why that need warrants a heightened bar on discovery.  The identities of officers at the scene of an arrest is typically within the City of New York's knowledge.  Therefore, Defendant's request for an expedited response to its interrogatory is denied.  Defendant may ask for this information in the course of regular discovery.

3

For the reasons stated above, Plaintiff's motion is granted.  On or before November 26, 2013, Defendant will serve labeled, recent photographs of the officers present at the scene of Plaintiff's arrest.  Plaintiff may file his Amended Complaint to add John or Jane Does on or before December 10, 2013 either by stipulation with Defendant's counsel or by motion practice.

**SO ORDERED.**

Dated:  Brooklyn, New York
           November 12, 2013

                                                     /s/
_____
                                         VERA M. SCANLON
                                  United States Magistrate Judge