

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **RACHEL SELIGMAN WEISS**<br>*Senior Counsel*<br>Telephone: (212) 356-2335<br>Facsimile: (212) 356-2034<br>rseligma@law.nyc.gov |

December 23, 2013

**VIA ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge, EDNY
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

        Re: <u>Donald Franks v. City of New York, et al.</u>, CV 13-0623 (JBW)(VMS)

Your Honor:

    I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and one of the attorneys assigned to the defense of the above-referenced matter. I write in opposition to plaintiff's December 9th motion to compel defendant to produce various discovery. For the reasons set forth below, plaintiff's request should be denied.

*Opposition to Plaintiff's Motion to Compel*

    Having conferred with plaintiff's counsel, defendant agreed to produce the following documents relating to plaintiff and the alleged incident: (1) officer memo books; (2) any unusual incident reports; (3) the relevant command log entry relating to plaintiff; and (4) the relevant roll call for the relevant precinct(s). In addition, upon information and belief, defendant has already provided plaintiff with the Sprint report(s) from the alleged incident and we informed plaintiff that we are not in possession of any audio recordings of any Sprint communications. Further, plaintiff has already been provided with copies of the relevant property vouchers as part of defendant's initial disclosures that were contained with the District Attorney's file for plaintiff. This office is still seeking copies of property vouchers from the NYPD and will supplement our production if any additional documents are maintained.

    Plaintiff's motion should be denied as it fails to comply with Local Rule 37.1, which states:

> Upon any motion or application involving discovery or disclosure
> requests or responses under Fed. R. Civ. P. 37, the moving party
> shall specify and quote or set forth verbatim in the motion papers

> each discovery request and response to which the motion or application is addressed. The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response.

*See also* Local Rule 5.1. Plaintiff has failed to "quote or set forth verbatim" each request and response to which the motion is addressed, nor has he set forth any substantive objections to defendants' responses. *See Fleurimond v. New York Univ.*, Civil Docket Entry No. 43, 09-CV-3739 (ADS)(AKT), (E.D.N.Y. Feb. 9, 2011); *Wheeler v. Citigroup*, 2012 U.S. Dist. LEXIS 101296, 18-19 (S.D.N.Y. July 19, 2012)(due to the failure of plaintiff to comply with Local Rule 37.1, "it is not possible for the Court to assess whether the plaintiffs' responses, if any, were deficient"); *Mitchell v. Fishbein*, 227 F.R.D. 239, 244 (S.D.N.Y. 2005)(denying plaintiff's motion to compel where plaintiff failed to comply with Local Civ. R. 37.1). Most significantly, plaintiff provides little to no explanation whatsoever as to why he believes he is entitled to the many discovery items set forth in his motion.

Further, certain of the documents that plaintiff seeks are not relevant in any way to the incident. Specifically, plaintiff seeks (1) "overtime documentation"; (2) precinct prisoner roster; and (3) central booking prisoner roster, but fails to demonstrate how these documents are relevant and/or discoverable. The fact that plaintiff simply states that he is entitled to these documents without anything more is hardly sufficient under Rule 26 or Local Rule 37.1, particularly as it is plaintiff's burden alone on the instant motion.

Plaintiff also seeks "all NYPD documents prepared specifically for Hurricane Sandy and applicable to operations in Coney Island, including, without limitation FINEST messages, Operations Orders, Teletype Orders, or other command or division-level rules, regulations, policies, trainings, etc." Defendant notes at the outset that plaintiff has not pled and is therefore not entitled to any *Monell* discovery including policies, regulations, trainings etc. *See Rule 26*. In addition, plaintiff has not explained why he believes this information to be relevant to his individual claims, namely his claims for false arrest, unlawful stop, and malicious prosecution. Again, without anything more, plaintiff is not entitled to the very broad discovery that he seeks. *See Local Rule 37.1*.

Similarly, plaintiff's request for all disciplinary documents for non-party NYPD officers should also be denied. The City of New York is the only defendant in this action and although plaintiff has been provided with the identities of several officers who were present during the alleged incident, plaintiff has not amended his complaint to name any individual officer defendants. Thus, plaintiff should not be privy to private and sensitive information about an officer's disciplinary history until such time that he joins an individual officer as a defendant. Indeed, plaintiff provides no legal authority for the position that he is entitled to personnel and disciplinary information for **non-party** NYPD officers. Plaintiff also does not explain why this information is relevant at this juncture. Most significantly, the cases relied on by plaintiff all

involve the discoverability of personnel and disciplinary records for ***party*** defendants.[1] Even then, in each of these cases, the Court allows discovery only of prior allegations that are similar to those alleged against the defendant officer in the complaint. Frails v. City of New York, 236 F.R.D. 116, 117 (E.D.N.Y. 2006) ("Disciplinary records *involving complaints of a similar nature*, whether substantiated or unsubstantiated, could lead to evidence that would be admissible at trial and thus, are discoverable.") (emphasis added); Pacheco v. City of New York, 234 F.R.D. 53, 55 (E.D.N.Y.) (same); Zhao v. City of New York, 07 Civ. 3636 (LAK)(MHD), 2007 U.S. Dist. LEXIS 87126, at *4-*5 (S.D.N.Y. November 21, 2007) (allowing discovery of only those complaints against defendant officers "that pertain to conduct similar to that alleged by plaintiff[.]"). Here, where plaintiff has not named any defendant officer, it is not possible to even speak of "similar" discoverable allegations of misconduct. The cases cited by plaintiff simply do not apply here.

Finally, plaintiff requests that defendant be compelled to respond more fully to Interrogatory No. 1 which seeks information about witness identities and information about the specific roles that each identified officer played in the alleged incident. In response, defendant referred plaintiff to its Rule 26 disclosures and to all of the self-explanatory documents already provided to plaintiff in this litigation. During the parties' meet-and-confer, defendant represented that we will supplement this response. Strangely, however, plaintiff has refused to do the same with his response to defendant's interrogatory which calls for the similar information pertaining to any individuals who witnessed, were present at or have knowledge of the arrest and/or that plaintiff is relying on in support of his claims or defenses. Plaintiff should be compelled to respond to defendant's identical interrogatory with the same level of specificity that he is seeking from defendant.

Defendant will make best efforts to produce the agreed-upon discovery as described above by January 10th and respectfully requests that plaintiff's motion be denied in its entirety. Thank you for your consideration herein.

Respectfully,

/s/

Rachel Seligman Weiss
Senior Counsel

cc: Via ECF
      Gabriel P. Harvis, Esq.

---

[1] Defendant could not locate the *Kitevsky* matter cited by plaintiff on page 3 and plaintiff did not attach a copy to his motion. Like the other cases relied on by plaintiff, defendant suspects, however, that it does not support plaintiff's position regarding the discoverability of disciplinary records for non-party police officers.